THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* EDWARD MISHKIN, Appellant.

First Department, November 27, 1962.

*Emanuel Redfield* for appellant.

*Peter J. O'Connor* of counsel (*H. Richard Uviller* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Defendant was convicted in the Court of Special Sessions of multiple crimes in the possession and publication of obscene books and hiring others to prepare obscene books. We have considered the several specifications of error in connection with these convictions and find nothing prejudicial to defendant therein. Defendant was also convicted of 32 violations of section 330 of the General Business Law, a misdemeanor, and fined $500. For the reasons stated, we find this conviction to be unsupportable.

Subdivision 2 of section 330 of the General Business Law provides that every publication printed after September 1, 1956 (other than newspapers, magazines or other periodicals for which separate provision is made) published in this State shall have conspicuously printed in certain specified places the name and address of the publisher or printer. Section 331 makes the failure to carry out the provisions of the preceding section a misdemeanor. That the defendant, in the instances charged, published books which contained no imprint of his name or address was amply established. The difficulty with the conviction is that the section is unconstitutional.

The constitutionality of the section has never been tested. However, similar statutes in other States have been questioned (*Talley* v. *California*, 362 U. S. 60; *Schneider* v. *State*, 308 U. S. 147). The ordinances involved in those cases dealt with handbills. But the vice of the restriction applies to other publications, particularly, as here, books. " Anonymous pamphlets, leaflets, brochures and even books have played an important role in the progress of mankind " (*Talley* v. *California, supra,* p. 64). The gist of the holding is that before the State can require such a disclosure some grounds for the restriction of free expression resulting must be found in the statute or otherwise established. No such grounds appear in the statute.

The District Attorney suggests that the statute may be found constitutional if its application is limited to obscene publications for there would be a purpose in facilitating the discovery of the publisher. But the statute itself is not so limited, and there is nothing to indicate that this was the legislative purpose. We do not reach the question whether such a purpose would validate the statute.

The judgment of conviction should be modified on the law by deleting therefrom the conviction on Counts 160 through 162,

164 through 175, 177 through 182, 185 through 190, 192, 193 and 196 through 198, and, as so modified, affirmed.

Rabin, J. P., Valente, McNally, Eager and Steuer, JJ., concur.

Judgment unanimously modified on the law by deleting therefrom the conviction on Counts 160 through 162, 164 through 175, 177 through 182, 185 through 190, 192, 193 and 196 through 198, and, as so modified, judgment is affirmed.