OPINION OF THE COURT
Shanley N. Egeth, J.
These three separate motions, which involve essentially the same facts and request the same relief, are consolidated for disposition in this single memorandum.
Plaintiffs are lessees and operators of cabaret premises offering live dance entertainment as well as food and drink. In the latter part of 1978, inspectors of the New York City Department of Consumer Affairs served summonses, returnable in criminal court, upon employees of the plaintiffs for operating unlicensed cabarets in violation of section B32-297.1 of the Administrative Code of the City of New York. In the underlying actions, the plaintiffs challenge the constitutionality of the city’s licensing policies for cabarets as violative of the First and Fourteenth Amendments to the United States Constitution asserting that it delegates overbroad discretionary power to the Commissioner of the Department of Consumer Affairs to determine the issuance and renewal of cabaret licenses. Furthermore, they claim that the ordinance’s requirement of disclosing stockholders and extensive financial data causes a chilling effect on freedom of association. The instant motions seek a preliminary injunction enjoining the defendant from enforcing the ordinance. Defendant in all three motions cross-moves for orders dismissing each motion and underlying action because each plaintiff fails to state a cause of action and lacks the necessary standing to maintain the action.
THE ORDINANCE
Plaintiffs specifically assert that section B32-297.1 of the Administrative Code is violative of the United States Constitution. In pertinent part, this section reads as follows:
"B32-297.1. Issuance and renewal of license. — a. The commissioner may refuse to issue or renew a license to an applicant only upon the occurrence of any one or more of the following conditions:
"1. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten per cent of the *789 outstanding stock of the corporation have not submitted complete and accurate information required by the department in connection with:
"(A) an application for a license or renewal thereof;
"(B) an application for the approval of a change of ownership;
"(C) the furnishing of a record of convictions for offenses as provided in paragraph five of this subdivision;
"(D) the furnishing of financial information and records by the applicant, licensee, its officers, principals, directors and stockholders owning more than ten percent of the outstanding stock of the corporation concerning the source of funds used or intended to be used in the operation of the licensed business and the amount of total funds each such individual has invested in the business * * *
"5. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten per cent of the outstanding stock of the corporation have been convicted of:
"(A) any of the following offenses and there is a relationship between the offense and the conduct of a public dance hall, cabaret or catering establishment:
"(i) an offense within article two hundred of the penal law relating to bribery involving public servants;
"(ii) a felony within article two hundred ten of the penal law relating to perjury;
"(iii) an offense within article two hundred thirty of the penal law relating to prostitution offenses;
"(iv) an offense within article two hundred forty-five of the penal law relating to offenses against public sensibilities;
"(v) an offense within section 260.20 of the penal law relating to unlawfully dealing with a child;
"(B) any other offense which is a felony under the laws of this state or a crime committed in violation of the laws of any other jurisdiction which if committed in this state would be a felony;
"(C) any offense which is a misdemeanor involving the premises on or in which the licensed business is to be conducted.
"6. the applicant, licensee, its officers, principals, directors and stockholders owning more than ten per cent of the outstanding stock of the corporation have suffered or permit *790 ted the premises on or in which the licensed business is to be conducted, through improper or inadequate maintenance and supervision, to be used for the commission of any of the offenses set forth in paragraph five of this subdivision”.
ISSUES
Do the plaintiffs possess the necessary standing to challenge the constitutionality of the ordinance?
If so, is the ordinance unconstitutional?
STANDING
Defendant claims that the plaintiffs lack the capacity to bring this action because they had not applied for a cabaret license and, therefore, the provisions of the ordinance have not in any way been invoked against them. The defendant contends that where First Amendment rights are involved, parties, who have not been directly affected by the statute at issue, may only assert a challenge thereto, if the enactment is overly broad on its face to the extent that it has a real and substantial deterrent effect on free expression, and it is not subject to narrow judicial construction in State courts (Erznoznik v City of Jacksonville, 422 US 205). The defendant further asserts that this ordinance does not come within the ambit of this standard.
The United States Supreme Court has consistently determined that a party need not have applied for a license in order to challenge or resist the validity of the ordinance or statute (see Freedman v Maryland, 380 US 51; Shuttlesworth v City of Birmingham, 394 US 147). In Shuttlesworth (supra, p 151), the court held: ”[0]ur decisions have made clear that a person faced with such an unconstitutional licensing law may ignore it and engage with impunity in the exercise of the right of free expression for which the law purports to require a license. 'The Constitution can hardly be thought to deny to one subjected to the restraints of such an ordinance the right to attack its constitutionality, because he has not yielded to its demands.’ Jones v. Opelika, 316 U. S. 584, 602 (Stone, C.J., dissenting), adopted per curiam on rehearing, 319 U. S. 103, 104.”
These plaintiffs are facing present criminal charges and possible punishment for operating their cabarets without licenses. They are subject to further and repeated criminal *791 proceedings so long as they continue to so operate. They are not required to show that their conduct could be regulated by a properly drawn law (Dombrowski v Pfister, 380 US 479). They are also not required to show that the deterrent effect of the statute on their First Amendment rights is both real and substantial (Young v American Mini Theatres, 427 US 50; Freedman v Maryland, supra).
For these reasons, this court holds that each plaintiff possesses the necessary standing and capacity to maintain this action.
CONSTITUTIONALITY
Plaintiffs are engaged in providing live dance entertainment. Such activity clearly is included within the protective umbrella of the First Amendment (Doran v Salem Inn, 422 US 922; Southeastern Promotions v Conrad, 420 US 546). A statute which provides for prior restraint (such as the ordinance at issue) is subject to a strong presumption that it is constitutionally invalid. (Southeastern Promotions v Conrad, supra; Near v Minnesota, 283 US 697.)
Any attempt to regulate protected expression must be precisely drawn (Interstate Circuit v Dallas, 390 US 676; N.A.A.C.P. v Button, 371 US 415). The subject ordinance authorizes the Commissioner of Consumer Affairs to deny or refuse to renew a cabaret license based upon a broad general listing of varied types of criminal convictions, many of which are unrelated to the use of these premises and/or the qualification for operating them. A conviction of a felony in New York, of any crime in another jurisdiction that is treated as a felony in New York, or of a misdemeanor involving the premises serves as a sufficient predicate for license denial or nonrenewal by the commissioner.
The discretion which this ordinance vests in an administrator is so broad as to compel a declaration that it is unconstitutional. This court is also unpersuaded by the defendant’s argument that the application of sections 752 and 753 of the Correction Law (which pertain to unfair discrimination against persons previously convicted of a crime and the permissible factors to be considered concerning previous convictions) remedies any of the constitutional deficiencies of the ordinance, or acts as a limitation on the commissioner’s discretion. This court, however, is not presently required to determine the effect or interrelation of the Correction Law *792 provisions upon this ordinance. Even if this argument were to be afforded credibility, the ordinance would still suffer from the consequences of an unconstitutional prior restraint. In order to establish a basis for constitutional validity, the defendant must demonstrate that prior restraint based upon past convictions is necessary to avert a "clear and present danger” (Perrine v Municipal CL, 5 Cal 3d 656; Near v Minnesota, 283 US 697, supra).
The statutory provision requiring disclosure of all stockholders holding a minimum of a 10% stock interest in a corporation, and the source of their money may have a chilling effect upon First Amendment freedoms to anonymity and freedom of association, and it must therefore be subject to the closest scrutiny. (N.A.A.C.P. v Alabama, 357 US 449.) It is the defendant’s burden to show a compelling governmental interest or necessity for the procurement of the information sought. Even where the State interest is substantial, the information required may not be too broad (Shelton v Tucker, 364 US 479). The defendant has shown no compelling interest (such as public health, welfare or safety) necessitating the procurement of this information (see People v Mishkin, 17 AD2d 243, affd 15 NY2d 671; Avon 42nd St. Corp. v Myerson, 352 F Supp 994). Recently, the United States District Court, Southern District of New York, declared unconstitutional a parallel provision of the Administrative Code affecting movie theatres rather than cabarets, containing language arid requirements which are virtually identical to that at issue in this motion. (NATCO Theatres v Ratner, 463 F Supp 1124.) More recently, Judge George Bundy Smith presided in Criminal Court proceedings in which employees of these plaintiffs were being prosecuted for violation of the code provisions at issue here. He ruled that these portions of the New York City Administrative Code were unconstitutional (People v Gellman, Criminal Ct Dockets N 3568631, 2, 3, 4).
HOLDING
Upon the basis of its own independent inquiry, this court concurs with the other judicial determinations as to the invalidity of the provisions of the Administrative Code at issue. Accordingly, this court holds that section B32-297.1 of the Administrative Code, in its present form, is unconstitutional on the following grounds: it invalidly acts as a prior restraint; it vests excessive discretionary power in the Com *793 missioner of Consumer Affairs of the City of New York in the issuance and renewal of cabaret licenses upon grounds which are impermissible and overly broad; and its disclosure requirements are violative of the right to freedom of association and anonymity.
DECISION
Plaintiffs’ motions for a preliminary injunction are, therefore, granted, and the cross motions are denied.
[Portions of opinion omitted for purposes of publication.]